UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY DANIEL BLAIR

Plaintiff,

v.

CITY OF MODESTO, et al,

Defendants.

No.  2:25-cv-1501 DC AC

FINDINGS AND RECOMMENDATIONS

Plaintiff is a resident of Arizona who brings claims against defendants related to his previous convictions on federal and state charges which arose out of events that occurred in Stanislaus County, California.  ECF No. 1.  Currently before the court are defendants' motions to dismiss (ECF Nos. 7, 8, 13) and plaintiff's motion for summary judgment (ECF No. 27).  For the following reasons, the undersigned recommends that defendants' motions to dismiss be granted, plaintiff's motion for summary judgment be denied, and the claims be dismissed with prejudice.

I.    Procedural Background

This case proceeds on plaintiff's complaint filed on March 13, 2025, in the United States District Court for the District of Arizona.  ECF No. 1.  Defendant Wells Fargo Bank filed a motion to dismiss on May 1, 2025 (ECF No. 7), which was followed by a motion to dismiss by defendants California Department of Justice, California Franchise Tax Board, and California Treasurer-Tax Collector (collectively, "State Defendants") (ECF No. 8).  The case was then

1

transferred to this district (ECF Nos. 10, 11), after which defendants United States, United States Department of Justice, and Federal Bureau of Prisons (collectively, "Federal Defendants") moved to dismiss (ECF No. 13).

After plaintiff failed to respond to the motions to dismiss, he was granted an additional twenty-one days to file any opposition or statement of non-opposition to the motions and cautioned that failure to comply would result in a recommendation that the action be dismissed for failure to prosecute. ECF No. 20. Plaintiff filed an opposition to the Federal Defendants' motion to dismiss that included a proposed first amended complaint and later filed a motion for summary judgment. ECF Nos. 23, 27.

II.    Allegations of the Complaint

Plaintiff brings claims against defendants City of Modesto, Stanislaus County, Stanislaus County Probation Office, State Defendants,[1] Federal Defendants, and Wells Fargo Bank under 8 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), alleging constitutional violations under the Fifth, Sixth, and Fourteenth Amendments. ECF No. 1 at 2, 4-5.

Plaintiff alleges that in June 1996 he was arrested and detained in Modesto, California while waiting for federal authorities to unseal an indictment. Id. at 3. Stanislaus County and the City of Modesto improperly added state charges against him in order to justify his detention, and plaintiff pled guilty to the charges in October 1996, after which he was taken into federal custody. Id. at 3-4. In December 1996, plaintiff pled guilty to federal charges and was sentenced to fifty-one months in federal prison and thirty-six months of supervised release. Id. at 4.

Plaintiff alleges that his right to be free from double jeopardy was violated by his conviction in both state and federal court for the same offense and that the Franchise Tax Board and Office of the Treasurer's conversion of a criminal restitution order into a civil judgment was done without due process. Id. at 4-5. Wells Fargo Bank then unlawfully allowed plaintiff's funds

---

[1] Plaintiff also names the California Attorney General's Office as a defendant. ECF No. 1 at 2. However, the California Department of Justice and California Attorney General's Office are the same entity. See State of Cal. Dep't of Just., About the California Department of Justice, https://oag.ca.gov/careers/aboutus [https://perma.cc/3XEA-P5YV] (last visited March 2, 2026).

to be seized and the Bureau of Prisons improperly enforced his federal sentence despite his convictions being unconstitutional. Id. at 4. Additionally, plaintiff asserts that he was deprived of the ability to make an informed legal decision because defense counsel advised him that the state charges would be dismissed in favor of the federal indictment and he was not informed of the federal charges when he entered a guilty plea in state court.[2] Id. at 3-4.

III.    Legal Standards for a Motion to Dismiss for Failure to State a Claim

A.    Motions Under Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Lack of subject matter jurisdiction may be challenged by either party or raised sua sponte by the court. Fed. R. Civ. P. 12(b)(1), (h)(3); see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("subject-matter delineations must be policed by the courts on their own initiative even at the highest level"). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is a jurisdictional attack and may be either facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted).

B.    Motions Under Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure provide for a motion to dismiss for failure to state a claim if the facts plaintiff has pled do not result in a cognizable claim. Fed. R. Civ. P. 12(b)(6). To survive a motion brought under Rule 12(b)(6), plaintiff must allege more than "naked

---

[2] Plaintiff does not name defense counsel as a defendant. ECF No. 1 at 2-3. However, leave to amend to add counsel as a defendant would be futile because neither privately retained attorneys nor public defenders act under color of state law for purposes of § 1983 actions. See Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977) ("a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act"); Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

3

assertion[s]" or "labels and conclusions" but provide facts to support the elements of the cause of action.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In addition, the claim must have facial plausibility, which occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted); Bell Atlantic Corp, 550 U.S. at 570 (complaint must allege "enough facts to state a claim to relief that is plausible on its face").

When evaluating the merits of a Rule 12(b)(6) motion to dismiss, the court must accept the allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff.  Papasan v. Allain, 478 U.S. 265, 283 (1986) ("Construing these facts and relevant facts obtained from the public record in the light most favorable to the petitioners, we must ascertain whether they state a claim on which relief could be granted.").  When evaluating complaints from pro se litigants, pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).  Although the complaint should be construed liberally for the benefit of the pro se plaintiff, the court may not supply essential elements of a claim which were not contained in the pleading.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

IV.    Judicial Notice

The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

> When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond.  A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.

United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003) (internal citations omitted).

Wells Fargo and State Defendants have submitted various state court records for this court's consideration. These documents include the Stanislaus County Superior Court order in Case No. 12783, converting the criminal restitution order into a civil judgment (ECF No. 7-1); plaintiff's civil complaint in Stanislaus County Superior Court Case No. CV-23-001923 (ECF No. 8 at 11-19); defendant Franchise Tax Board's demurrer in Case No. CV-23-001923 (id. at 21-27); and the order sustaining the demurrer in Case No. CV-23-001923 (id. at 29-31). Stanislaus County Superior Court Case No. CV-23-001923 involved plaintiff's claim for emotional distress as a result of the Franchise Tax Board's efforts to enforce the civil judgment in Case No. 12783. See ECF No. 8 at 11-19. In sustaining the demurrer, the state court ruled on the validity of the civil judgment and found the judgment to be enforceable. Id. at 30. These documents are properly subject to judicial notice because the proceedings have a direct relation to matters at issue and the source's accuracy cannot reasonably be questioned. The court will therefore consider these documents in ruling on the motions to dismiss.

V.    Wells Fargo's Motion to Dismiss

    A.    Parties' Positions

Defendant Wells Fargo moves for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), asserting that Wells Fargo is a private entity and was not acting under the "color of state law" for the purposes of an 8 U.S.C. § 1983 claim. ECF No. 7 at 3-4. Additionally, Wells Fargo contends that under the Rooker-Feldman doctrine[3] plaintiff cannot challenge the lawfulness of the state court orders in federal court. Id. at 5.

Plaintiff has neither responded to Wells Fargo's motion to dismiss nor addressed their arguments in either his opposition to the Federal Defendants' motion to dismiss or in his motion for summary judgment. ECF Nos. 23, 27.

    B.    Discussion

The Rooker-Feldman doctrine prohibits federal district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

---

[3] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

5

district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). To determine if the Rooker-Feldman doctrine bars a case, the court must first determine if the federal action contains "a forbidden de facto appeal" of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). "A federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal." Noel, 341 F.3d at 1158. A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Id. at 1163.

Here, the complaint expressly alleges the unlawfulness of the criminal restitution order against plaintiff and its conversion into a civil judgment, and plaintiff seeks to enjoin collection under the order, a declaration that the order is unlawful, and compensatory damages stemming from enforcement of the order. ECF No. 1 at 4, 5. Plaintiff's claim plainly constitutes a "de facto appeal" of both the civil judgment and the state court's later affirmance of that order. This court may not reconsider the judgments of state courts. The Rooker-Feldman doctrine therefore bars plaintiff's claims for relief related to the validity of the restitution order because consideration of the claims would require the court to re-litigate the merits of the decision issued by the superior court finding the order to be valid.

C.      Conclusion

Wells Fargo's motion to dismiss should be granted and the claim against it should be dismissed for lack of subject matter jurisdiction.[4]

---

[4] Although Wells Fargo moves to dismiss under Rule 12(b)(6) for failure to state a claim, a motion for dismissal under the Rooker-Feldman doctrine is properly brought under Rule 12(b)(1) for lack of subject matter jurisdiction. See Noel, 341 F.3d at 1154 ("Under Rooker-Feldman, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court."). However, regardless of the provision under which Wells Fargo moves for dismissal, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Moore v. Maricopa Cnty. Sheriff's Off., 657 F.3d 890, 895 (9th Cir. 2011) ("a district court must first determine whether it has jurisdiction before it can decide whether a complaint states a claim").

6

VI.    State Defendants' Motion to Dismiss

    A.    Parties' Positions

State Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, under Rule 12(b)(2) for lack of personal jurisdiction, and under Rule 12(b)(6) for failure to state a claim. ECF No. 8. State Defendants argue that, as state agencies, they cannot be sued in § 1983 actions because they are not persons within the meaning of the statute. Id. at 3 (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989); Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001)). Next, they argue that plaintiff's requested relief is barred by the Tax Injunction Act because the restitution at issue concerns unpaid tax, interest, and penalties and California has a plain, speedy, and efficient remedy within the meaning of the Act. Id. at 3-4. State Defendants also assert that the action is barred by the statute of limitations for § 1983 claims, which in Arizona is two years from "when a plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." Id. at 4 (quoting Gregg v. Hawai'i Dep't of Public Safety, 870 F.3d 883, 885 (9th Cir. 2017)). Finally, State Defendants argue claim preclusion bars the claim against the Franchise Tax Board because plaintiff previously sued the Franchise Tax Board in California state court based on the same conduct and the complaint fails to state a cause of action against the California Department of Justice or State Treasurer. Id. at 4-7.

Though plaintiff has captioned his opposition as an opposition to Federal Defendants' motion to dismiss, he also addresses the grounds for dismissal argued by State Defendants. ECF No. 23. First, he asserts that his claim is not time barred because under the continuing violation doctrine a constitutional violation resulting in continued harm is not barred by the statute of limitations and the statute of limitations resets with "each new violation." Id. at 2. Plaintiff additionally claims that sovereign immunity does not apply because he is seeking an injunction. Id. He next contends that the Tax Injunction Act is inapplicable to his restitution order because it is not a tax within the meaning of the Act. Id. Finally, plaintiff contends that his claim against the Franchise Tax Board is not barred by claim preclusion because the prior lawsuit did not raise

/////

7

constitutional claims and was not adjudicated on the merits.  Id.  Plaintiff requests that to the extent the court requires more specificity as to any claim he be given leave to amend.  Id. at 3.

### B.     Discussion

#### i.     Statute of Limitations

The statute of limitations for a § 1983 claim is determined by the relevant state's personal injury statute of limitations, Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004), which in California is two years,[5] Cal. Civ. Proc. Code § 335.1.  Additionally, under California law, an incarcerated person may toll the statute of limitations for up to two years while incarcerated, at which time the statute of limitations begins to run, or the statute of limitations begins to run after incarcerations ends, whichever occurs first.  Cal. Civ. Proc. Code § 352.1(a).  The statute of limitations begins to run "when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'"  Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994) (quoting Bagley v. CMC Real Est. Corp., 923 F.2d 758, 760 (9th Cir. 1991)).  Here, plaintiff had reason to know the basis of his claims regarding the restitution order against him, at the latest, when the restitution order was converted into a civil judgment in March 1999.  Thus, even assuming plaintiff was entitled to the full two years of statutory tolling based on incarceration, he would have needed to bring his claims by March 2003 and the claim is over twenty years overdue.

Although plaintiff argues that under the continuing violation doctrine "the statute of limitations resets with each new violation," ECF No. 23 at 2 (citing Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001), the doctrine is inapplicable to the facts of this case.  In making his argument, plaintiff relies on Knox v. Davis, which held that "[t]he continuing violation theory applies to § 1983 actions, allowing a plaintiff to seek relief for events outside of the limitations

---

[5]  State Defendants' motion to dismiss bases their analysis on the Arizona statute of limitations, which is also two years.  See ECF No. 8 at 4; Ariz. Rev. Stat. § 12-542 (two-year statute of limitations for personal injury claims).  However, after State Defendants filed their motion to dismiss, the case was transferred from the Arizona District Court to this court because venue was improper in Arizona.  ECF No. 10.  California law, including its tolling provisions, therefore controls the statute of limitations.  See Nelson v. Int'l Paint Co., 716 F.2d 640, 643 (9th Cir. 1983) (when a case is transferred due to improper venue under 28 U.S.C. § 1406, the law of the transferee state applies).

period." 260 F.3d at 1013 (internal citations omitted). However, the court in <u>Knox</u> found that the continuing violation theory did not apply to the plaintiff's situation. <u>Id.</u> Knox, an attorney, challenged the repeated denial of her attempts to send legal mail to or visit with her incarcerated clients. <u>Id.</u> at 1012-13. The court found the continuing violations doctrine did not apply because the denials were "merely the continuing effect of the original suspension" of her privileges, rather than a continuing violation of her rights. <u>Id.</u> at 1013. In the present case, plaintiff was ordered to pay restitution in 1996, and the criminal restitution order was converted to a civil judgment in 1999. ECF No. 7-1. Analogous to <u>Knox</u>, defendants' "collection efforts, wage garnishments, and levies against Plaintiff's financial accounts," ECF No. 23 at 2, are "merely the continuing effect" of the original restitution order and its subsequent conversion into a civil judgment. Thus, the continued enforcement of the restitution order is best understood as a continued effect of a past action rather than a continued violation.

More fundamentally, the Ninth Circuit has held that after <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002), "little remains of the continuing violations doctrine" and it survives only in circumstances not applicable here. <u>Bird v. Dep't of Hum. Servs.</u>, 935 F.3d 738, 748 (9th Cir. 2019) (<u>Morgan</u> rendered the application of the continuing violations doctrine to serial acts "virtually non-existent," available only for hostile work environment claims, and the doctrine applies to systematic acts only for "class-wide pattern-or-practice claims").

ii.    Failure to State a Claim

To the extent plaintiff is attempting to bring a claim for wrongful prosecution against the State Defendants, he fails to state a claim because he only vaguely alleges that the California Department of Justice "was involved in the prosecution." ECF No. 1 at 2. The statute of limitations would not bar a claim for wrongful prosecution because it is clear on the face of the complaint that the proceedings were not terminated in plaintiff's favor and such a claim does not arise until favorable termination occurs. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 489-90 (1994) ("Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or

sentence has been invalidated."). However, the claim is not cognizable and is frivolous for the same reason and no leave to amend is warranted. See id. at 484 (element of "malicious prosecution action is termination of the prior criminal proceeding in favor of the accused"); Enercon GmbH v. Erdman, 13 F. App'x 651, 652 (9th Cir. 2001) (district court properly determined "that . . . the malicious prosecution claim was frivolous because the prior proceedings had not been terminated in [plaintiff's] favor").

### C.    Conclusion

As set forth above, the fact that plaintiff's financial injury is now felt nearly thirty years after his conviction does not give new life to his claim, which is barred by the statute of limitations, and plaintiff cannot pursue a claim for wrongful prosecution. Because the claims against State Defendants are clearly barred on these grounds, the court need not consider the additional grounds for dismissal raised in their motion to dismiss and declines to do so.

## VII.    Federal Defendants' Motion to Dismiss

### A.    Parties' Positions

Federal Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 13-1. Federal Defendants argue that the United States did not waive its sovereign immunity, thus it cannot be sued under Bivens; § 1983 does not apply to the United States; and plaintiff cannot state a claim under the Federal Tort Claims Act because that statute does not apply to alleged violations of the constitution. Id. at 4-6. Additionally, Federal Defendants assert that plaintiff failed to state a valid claim for relief under the double jeopardy clause, because "the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty.'" Id. at 6 (quoting Heath v. Alabama, 474 U.S. 82, 89 (1985)). Finally, Federal Defendants argue that plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because success in this action would necessarily invalidate the underlying conviction which has not been reversed, expunged, invalidated by a state tribunal, or called into question by a federal court. Id. at 7.

In response, plaintiff argues that his claims are not Heck barred because he does not seek

10

to overturn his conviction and he characterizes the enforcement of the restitution judgment as a collateral consequence of his conviction. ECF No. 23-1 at 2. He further asserts that the double jeopardy clause was violated because enforcement of the restitution judgment was removed from the original sentencing by decades and its continued enforcement after he served his federal sentence "amounts to an ongoing second punishment for the same underlying conduct." Id. at 3. Finally, plaintiff argues that his claims are not barred by sovereign immunity because he is seeking only injunctive relief and he requests leave to amend if the court deems the complaint insufficiently pled. Id. at 3-4.

B.    Discussion

To the extent plaintiff argues that his prosecution in federal court constituted a successive prosecution and was barred by the Double Jeopardy Clause, he fails to state a valid claim for relief. Plaintiff cites North Carolina v. Pearce, 395 U.S. 711, 717 (1969), for the proposition that the restitution order violated double jeopardy because "the Fifth Amendment prohibits multiple punishments for the same offense" and he has already served his federal sentence. ECF No. 23-1 at 3. However, plaintiff misunderstands what constitutes an offense for purposes of double jeopardy. While the Double Jeopardy Clause does "protect[] against multiple punishments for the same offense," plaintiff's state court conviction and federal court conviction do not constitute the same offense. "[A] single act that violates the laws of two sovereigns constitutes two separate crimes. As a result, successive prosecutions by multiple sovereigns for that single act do not violate the Double Jeopardy Clause." United States v. Enas, 255 UF.3d 662, 665-66 (9th Cir. 2001) (Heath v. Alabama, 474 U.S. 82, 88 (1985)). In other words, both California and the United States were entitled to punish plaintiff for the crimes for which he had been convicted in their respective courts. Plaintiff's state court restitution order was punishment for his state law offense and does not constitute a second punishment for his federal offense.

To the extent plaintiff is attempting to claim that he was subject to wrongful prosecution and imprisonment by the federal government, his claims are clearly Heck barred. In this case, plaintiff does not allege that the underlying conviction on which he was sentenced has been declared invalid or reversed on direct appeal. In fact, in an effort to try to escape Heck's bar he

11

explicitly states that he is not trying to vacate or overturn his conviction, just the enforcement of the restitution order.  ECF No. 23-1 at 2.  However,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

Heck, 512 U.S. at 486-87; Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (holding that Heck's rationale applies to Bivens actions).  Therefore, because plaintiff's federal conviction has not been overturned, he cannot bring a claim for malicious prosecution or unlawful imprisonment.

### C.    Conclusion

Because California and the United States are separate sovereigns, plaintiff's convictions and separate sentences by the state and federal courts do not violate double jeopardy.  To the extent plaintiff is attempting to make a claim for malicious prosecution and unlawful imprisonment against Federal Defendants, his claims are barred by Heck because the conviction has not been overturned or invalidated.  The court needs not consider the other grounds for dismissal and therefore declines to do so.

### VIII.    County and City Defendants

There is no indication in the record that defendants City of Modesto, Stanislaus County, or Stanislaus County Probation Office have been served in this case, even though it has been a year since the complaint was filed.  ECF No. 1.  Rule 4 of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  The deadline for service has long since passed.  Moreover, even if plaintiff can show good cause to excuse the failure to execute timely service, the allegations against these defendants are clearly frivolous and should be dismissed.  See Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer

federal subject matter jurisdiction and may be dismissed sua sponte before service of process." (internal citations omitted)).

Plaintiff claims the City of Modesto and Stanislaus County unlawfully detained and prosecuted him in June 1996 and that the Stanislaus County Probation Office unlawfully enforced the restitution order. ECF No. 1 at 2-4. However, plaintiff alleges that he pled guilty to the state charges in October 1996 and was immediately transferred to federal custody. Id. at 4. The latest date a claim for false imprisonment against these defendants could have arisen was the date he left their custody, and the statute of limitations has long since expired. See Wallace v. Kato, 549 U.S. 384, 389-90 (2007) (claim for unlawful detention is based on detention without legal process and "ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges"); DeNardo v. Municipality of Anchorage, 43 F. App'x 120 (9th Cir. 2002) (district court did not err in finding case "filed well beyond the statute of limitations period" was frivolous).

To the extent plaintiff is alleging malicious prosecution, the claim is frivolous because, as set forth above, the proceedings at issue were not terminated in plaintiff's favor. See Heck, 512 U.S. at 484 (element of "malicious prosecution action is termination of the prior criminal proceeding in favor of the accused"); Enercon GmbH v. Erdman, 13 F. App'x 651, 652 (9th Cir. 2001) (district court properly determined "that . . . the malicious prosecution claim was frivolous because the prior proceedings had not been terminated in [plaintiff's] favor").

Finally, for the reasons set forth above in addressing defendant Wells Fargo's motion to dismiss, the Rooker-Feldman doctrine prohibits this court from considering plaintiff's claims regarding his restitution order and its enforcement.

Because the claims against defendants City of Modesto, Stanislaus County, and Stanislaus County Probation Office are frivolous, they should be dismissed.

IX.    No Leave to Amend

A plaintiff appearing in pro se should generally be given leave to amend, unless it is clear that amendment would be futile. Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987). As addressed above, no additional facts in this case would create a legal basis for plaintiff's claims,

13

making amendment futile.  Moreover, the proposed first amended complaint that plaintiff submitted with his opposition to the Federal Defendants' motion to dismiss includes only minor changes to the complaint that have no substantive effect on the factual basis of his claims and therefore fails to demonstrate that leave to amend would not be futile.  See ECF No. 23-1 at 5-11.

X.    Motion for Summary Judgment

Plaintiff seeks summary judgment on his claim that the restitution order and continued collection efforts constitute double jeopardy.  ECF No. 27.  As set forth above, this claim is not cognizable and could not be remedied by amendment.  Nothing in plaintiff's motion for summary judgment alters that determination and the motion should therefore be denied.

XI.    Conclusion

Accordingly, for the reasons set forth above, IT IS RECOMMENDED that:

1.  Respondents' motions to dismiss (ECF No. 7, 8, 13) be GRANTED;

2.  Plaintiff's motion for summary judgment (ECF No. 27) be DENIED; and

3.  The complaint be DISMISSED with prejudice for failure to state a claim and for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 10, 2026.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

14